1

2

3                              **UNITED STATES DISTRICT COURT**

4                              **NORTHERN DISTRICT OF CALIFORNIA**

5

6    **CALIFORNIANS FOR ALTERNATIVES TO**              CASE NO.  20-cv-01348-YGR
     **TOXICS,**
7
                    Plaintiff,
8                                                       **ORDER GRANTING DISCOVERY**
                                                        **RE: REMEDIES**
9          vs.
                                                        Re: Dkt. No. 30
     **KERNEN CONSTRUCTION CO., ET AL.,**
10
                    Defendants.
11

12         Plaintiff Californians for Alternatives to Toxics brings the instant action for violations of

13   the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251–1387 (the "Clean Water Act" or the

14   "CWA") and the State of California's General Industrial Permit for storm water discharges (the

15   "General Permit") since November 14, 2017.  Defendants Kernen Construction Co., Bedrock

16   Investments LLC, Scott Farley, and Kurt Kernen have admitted liability on all causes of action.

17   At issue is what, if any, discovery is needed for the Court to assess civil penalties.

18         33 U.S.C. § 1319(d) provides, in relevant part, that "[a]ny person who violates . . . any

19   permit condition or limitation . . . shall be subject to a civil penalty not to exceed $25,000[1] per day

20   for each violation."  In calculating appropriate penalties, courts apply either a top-down or bottom-

21   up approach.  The top-down approach requires the Court to first calculate the maximum penalty,

22   and then, if necessary, to adjust that penalty downward in consideration of six statutory factors:

23   (1) the seriousness of the violation, (2) any economic benefit that resulted from the violation, (3)

24   any history of violations by the party to be penalized, (4) that party's good faith efforts to comply

25   with the applicable requirements, (5) the economic effect of the penalty on the violator, and (6)

26   "such other matters as justice may require."  33 U.S.C. § 1319(d).  The bottom-up approach

27   requires the Court first to calculate the economic benefit realized by the defendant as a result of its

28   _____

     [1] The maximum penalty amount has been increased to $55,800 as adjusted for inflation.

*United States District Court*
*Northern District of California*

1    non-compliance, and then adjust that amount upward or downward based on the same six factors.

2    Because the bottom-up approach would require significant discovery to determine the full extent

3    of defendants' economic benefit, if any, from non-compliance, the Court finds the top-down

4    approach to be the best method for calculating penalties in this case.

5           As to the six statutory factors, the Court has read and considered the arguments raised in

6    the briefs and at the hearing regarding the appropriate amount of penalties to be awarded in this

7    case.  In exercising its considerable discretion to award penalties in this case, the Court intends to

8    do a complete analysis of the factors.  In the meantime, the Court is persuaded that some discovery

9    is warranted to aid the Court in performing said analysis.  At the same time, the Court is mindful

10   of the burden discovery places on defendants and defendants' efforts to come into compliance

11   with their obligations regarding storm water discharge.  As such, the Court finds it appropriate to

12   cabin discovery to the issues most critical to the analysis on penalties.

13          Accordingly, the Court hereby **ORDERS** that the parties shall engage in discovery regarding

14   the amount of civil penalties to be awarded in this case, with such discovery limited to topics

15   relevant to the six relevant statutory factors.  The Court also **SETS** a compliance deadline for **9:01**

16   **a.m.** on **Friday, November 6, 2020**.  **Five (5) business days** prior to said date, the parties shall

17   file a joint statement updating the Court on the status of (i) the discovery process, and (ii) the

18   process of defendant being certified as a "no discharge" operation.  If compliance is complete, the

19   compliance deadline will be taken off calendar.

20          Further, the Court hereby **STAYS** the case it relates to injunctive relief, which will be

21   addressed as necessary following a decision on penalties.

22          This Order terminates Docket Number 30.

23          **IT IS SO ORDERED.**

24

25   Dated:  September 9, 2020

26                                                        **YVONNE GONZALEZ ROGERS**
                                                          **UNITED STATES DISTRICT COURT JUDGE**

27

28

United States District Court
Northern District of California

2