UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>           Plaintiff,<br><br>      v.<br><br>KERNEN CONSTRUCTION CO., et al.,<br><br>           Defendants. | Case No.  20-cv-01348-YGR   (RMI)<br><br>**ORDER FOR BRIEFING RE: ALLEGED VIOLATIONS OF INJUNCTIVE ORDER; AND INSTRUCTIONS TO THE PARTIES**<br><br>Re: Dkt. Nos. 78, 79, 81, 82, 83, 84 |

In February of 2020, Plaintiff (Californians for Alternatives to Toxins) filed a civil complaint for declaratory and injunctive relief pursuant to various provisions of the Federal Water Pollution Control Act (33 U.S.C. §§ 1251-1387) against Defendants (Kernen Construction Co. *et al*.). *See* Compl. (dkt. 1). Following Defendants' admission of liability, a permanent injunction (dkt. 60) was entered, and the matter was referred to the undersigned "for the purpose of monitoring the parties' compliance with [the injunction], and to resolve any disputes with respect to the same in the form of a report and recommendation." *Id*. at 12.

On December 8, 2021, the Parties' filed such a dispute by way of a jointly-filed letter brief. *See* Ltr. Br. (dkt. 78). The letter brief was followed by a series of ancillary filings by Defendants (dkts. 79, 81, 82, 83) as well as the lodging of Plaintiff's objections (dkt. 84) to Defendants' ancillary filings. Through the jointly-filed letter brief, Plaintiff asked for "the opportunity to conduct limited discovery to gather the facts necessary to prove the allegations" advanced in its portion of the letter brief. *See* Ltr. Br. (dkt. 78) at 4. Consequently, upon the filing of the letter brief, the court set the matter for a discovery hearing that was to take place on December 14, 2021 at 11:00 AM (*see* dkt. 80). However, for the following reasons, the court finds the Parties' briefing

to be deficient in a number of respects such that conducting a hearing at this juncture would be premature.

Plaintiff contends that Defendants – through action or omission – have effected six violations of various provisions of the permanent injunction. *See id*. at 2-4. First, Plaintiff contends that Defendants have violated the injunction by failing to update their Storm Water Pollution Prevention Plan. *Id*. at 2. Plaintiffs have not explained why such an update is required <u>*now*</u>, and have only stated that significant revisions to that plan require an updated plan within 30 days and minor revisions require an updated plan within three months. *Id*. Defendants submit that they are currently engaged in updating their plan and that the current due date for its completion (February 2021) is within the three-month period allowable for minor revisions, which they contend is what is involved here. *See id*. at 6. Plaintiff does not appear to address Defendants' contention directly.

Second, Plaintiff contends that a site inspection in November of 2021 revealed "that Defendants were discharging storm water associated with their industrial activities . . . [and that] laboratory tests confirm[ed] that the discharge exceeded the General Permit's Numeric Action Levels for six pollutants Defendants have discharged in the past, and that Defendants are required to sample for." *Id*. at 2-3. Defendants counter that this contention is the product of faulty inspection and sampling errors because "Plaintiff sampled from a county culvert discharge on the opposite side of the facility," and that Plaintiff's data is instead related to "county road storm water, and it is through a closed, 60-plus-year-old rusty culvert pipe [that] has nothing to do with Defendants' facility." *Id*. at 6. Likewise, Plaintiff does not appear to address this contention directly.

Third, Plaintiff asserts that certain infiltration trenches and basins in the Southern Yard "do not function as Defendants have described" and that because "the infiltration trenches had standing water in them, indicating that they had reached capacity . . . water is [necessarily] leaving the basins through some other conveyance." *Id*. at 3. Defendants respond that "[t]he infiltration basins are working as designed: it is *intended* that water stand in the basins to slowly percolate into the soil." *Id*. at 7 (emphasis in original). Putting aside what the undersigned sees as a logical

United States District Court
Northern District of California

2

United States District Court
Northern District of California

gap in Plaintiff's assertion that standing water in these basins must necessarily equate to "fugitive discharges," Plaintiff has similarly failed to respond to Defendants' contentions about how the basins are functioning exactly as designed.

Fourth, Plaintiff contends that Defendants have connected a truck washing system to a particular sewer line and that "Defendants refuse to provide any documentation or evidence that the wash rack's connection to the sewer is in good working order," and that certain public records requests indicate that "Defendants have unlawfully connected their truck wash" to those sewer lines. *Id*. at 3. Defendants counter that "Plaintiff is simply flat out wrong about the truck wash station connection with the sewer . . . [and that] Plaintiff declined to inspect this area at all during the November 9 site visit." *Id*. at 7. Similarly, Plaintiff fails to address Defendants' contentions in this regard.

Fifth, Plaintiff contends that during the November site visit, certain indicia of "poor housekeeping" were observed (e.g., "accumulated sediment on paved surfaces that is susceptible to being transported by storm water . . ."). *Id*. at 3. Accordingly, Plaintiff complains that it requested Defendants' log documenting their good housekeeping efforts but that the request was rejected. *Id*. Defendants respond to the effect that they have implemented most, if not all, of the Water Board's suggestions for good housekeeping practices throughout their facility, and that there is no court order that entitles Plaintiff to any housekeeping log. *Id*. at 7. Once again, Plaintiff has not addressed any of Defendants' contentions.

Sixth, Plaintiff submits that whereas the injunction required the implementation of all measures necessary (within 60 days) to bring Defendants' facility into compliance with the General Permit and with the Clean Water Act – Plaintiff complains (in general terms) that Defendants have thus far only identified measures that were already in place before the injunction was entered. *Id*. at 3-4. Defendants submit that they identified "the infiltrator systems that Defendant[s] put into place after Plaintiff filed its suit" as well as the "emergency voluntary back-up holding ponds." *Id*. at 8.

In short, Plaintiff "requests the opportunity to conduct limited discovery to gather the facts necessary to prove the allegations above, and asks the court to reopen this case for that purpose."

*Id*. at 4. First, it is unclear what sort of discovery Plaintiff has in mind given the fact that the injunction already provides Plaintiff with a plethora of information gathering tools such as regime of site visits and inspections, thorough testing, and substantial document exchange and reporting. Second, the undersigned finds that Plaintiff's nebulous request for some unidentified type of further discovery is (at least) premature in that Plaintiff has failed to adequately address any of Defendants' responses to its allegations. In short, the Parties' letter brief is a patent example of a perfunctory effort at the meet-and-confer process, which is evident in how Plaintiff has largely ignored Defendants' responses. A prerequisite for Plaintiff being awarded further discovery – beyond the multitude of discovery tools available under the terms of the injunction – would be (1) properly addressing each and every one of Defendants' contentions and arguments; and, (2) a clear explanation of why the terms of the injunction (site visits, testing, document exchange, etc.) are inadequate under the circumstances and a clear detailing of what type of additional discovery is being sought and why it should be permitted.

Accordingly, the discovery hearing currently set for December 14, 2021, is **VACATED**. The Parties are **ORDERED** to promptly meet and confer as part of a good faith effort to resolve or narrow these disputes such as to minimize the need for further court intervention. Thereafter, if any disputes remain, Plaintiff is **ORDERED** to present that dispute as a noticed motion, rather than a letter brief, such that Defendants can file a full-throated response, and such that Plaintiff can have the opportunity for filing a reply brief such as to *properly* address any and all responses in opposition advanced by Defendants.

**IT IS SO ORDERED.**

Dated: December 13, 2021

ROBERT M. ILLMAN
United States Magistrate Judge