UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>KERNEN CONSTRUCTION CO., et al.,<br><br>Defendants. | Case No. 20-cv-01348-YGR (RMI)<br><br>**ORDER RE: COMPETING INTERPRETATIONS OF THE INJUNCTION'S INSPECTION REGIME**<br><br>Re: Dkt. No. 86 |

Now pending before the court is an interpretive dispute between the Parties related to the timing of subsequent site inspections as set forth in the enforcement provisions of the Injunction. *See generally* Ltr. Br. (dkt. 86) at 1.[1] The injunction set forth several measures that were calculated to reasonably enforce the requirements of the Clean Water Act and the General Permit and to ensure that Defendants' admitted violations would be remediated as soon as possible and in a manner that will ensure that further violations are not likely to recur. *See* Injunction (dkt. 60) at 9.

The relevant provision states that "Defendants shall permit representatives of CAT (including its attorneys and experts) to perform a physical inspection of the Facility within the next sixty days, and thereafter, every three months . . . [and that] CAT shall provide at least seven days of advance notice before each physical inspection." *Id*. Having reviewed its various provisions, it is clear to the undersigned that the Injunction has carefully balanced Plaintiff's need for periodic access to Defendants' facility with the need to minimize unnecessary or excessive disruptions of Defendants' business.

---

[1] Pursuant to Civil Local R. 7-1(b), the court finds that this matter is suitable for disposition without oral argument.

1    Keeping that balance in mind, the court will now turn to the Parties' competing
2    interpretations of the three-month periods between subsequent inspections. CAT performed its
3    first inspection on November 9, 2021. *See* Ltr. Br. (dkt. 86) at 1. Thereafter, CAT noticed its
4    desire to perform a second inspection on January 4, 2022 – a date which is less than two months
5    after its first inspection. *Id*. The reason for this is that "CAT understands this provision to mean
6    that CAT may inspect the Facility during the initial sixty-day period, and then, on a day CAT
7    chooses during each succeeding three-month period . . . [or, put another way] on a day CAT
8    chooses, sometime during the three-month period that began on November 10, 2021 and that will
9    end on February 10, 2022." *Id*. at 2. Defendant, on the other hand, argues that the clear language
10   of the Injunction means that "Defendants will make their facility available again on February 9,
11   2022, which is three months from the initial visit and which is in the middle of the wet season
12   which runs from October to the end of May." *Id*. at 3. Plaintiff's primary concern is to be able to
13   undertake inspections during periods when useful data can be gathered, which would "generally
14   occur only in conjunction with rain events." *Id*. at 2. Plaintiff contends that Defendant's
15   interpretation would mean that site inspections could only be (inflexibly) undertaken on 4 specific
16   days per year which happen to be precisely three-months apart each. *Id*. Meanwhile, Defendant
17   argues that when the Injunction states that Defendants shall permit an inspection within the first
18   60-days "and thereafter, every three months," this means that Defendants should have periods of
19   respite between inspections that are at least 3-months in duration. *Id*. at 3.

20   The court cannot harmonize Plaintiff's interpretation with the clear language of the
21   Injunction because, in order to accept Plaintiff's interpretation, the court would need to graft
22   substantially modified language into the Injunction's relevant provision such that it would read,
23   "and thereafter, on any date of Plaintiff's choosing within each subsequent three-month period."
24   Because doing so would amount to a modification of the Injunction – a task that is beyond the
25   scope of the referral from the presiding judge – the undersigned declines Plaintiff's invitation.
26   Instead, the undersigned finds that Plaintiff's objectives and Defendants' interests can be easily
27   harmonized with the following interpretation, an interpretation that is also faithful to the
28   Injunction's clearly phrased terms. Defendants' facility having been inspected on November 9,

2021, the court finds that the Injunction requires Defendant to "thereafter" make their facility available for a subsequent inspection "three months" later. The upshot is that, in the lead-up to February 9, 2022, Plaintiff should track the weather forecasts such that when "rain events" are forecasted to take place on or after February 9, 2022, Plaintiff should tender the appropriate 7-day advance notice for their subsequent inspection which should be scheduled *no earlier* than three-months from the previous inspection. Obviously, if there is no rain forecast for February 9, 2022, Plaintiff can wait until the next rain event has been identified in the relevant weather forecast before submitting their 7-day notice. However, because forecasts sometimes do not materialize as anticipated, the Parties are **ORDERED** to cooperate with one another in the event that a previously noticed inspection event needs to be re-noticed for a future date when rainfall is anticipated. In any event, contrary to Plaintiff's interpretation, Defendants shall not be required to make their facility available for multiple inspections within any three-month period. The undersigned finds that his interpretation is not only harmonious with the plain language of the Injunction, but that it also serves to promote and preserve the respective objectives and interests of the Parties. Accordingly, Plaintiff's request for an order permitting it to conduct more than 1 inspection during any given three-month period is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 4, 2022

ROBERT M. ILLMAN
United States Magistrate Judge