ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com
         wncarlon@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>KERNEN CONSTRUCTION CO., BEDROCK INVESTMENTS LLC, SCOTT FARLEY, and KURT KERNEN,<br><br>Defendants. | Case No.: 4:20-cv-01348-YGR<br><br>***EX PARTE* APPLICATION FOR ORDER THAT JUDGMENT DEBTORS APPEAR FOR EXAMINATION**<br><br>**Federal Rule of Civil Procedure 69(b); Local Rule 7-10; California Code of Civil Procedure 708.110**<br><br>Honorable Yvonne Gonzalez Rogers |

### I.     INTRODUCTION

A money judgment in the amount of $291,975.99, was entered against defendants Kernen Construction Co., Bedrock Investments, LLC, Scott Farley, and Kurt Kernen on March 21, 2022. The judgment has not been satisfied. None of the four judgment debtors has been examined within the last 120 days. Under the applicable Federal Rules, Local Rules, and incorporated State of California Rules, judgment creditor and plaintiff Californians for Alternatives to Toxics ("CATs") has a right to apply, *ex parte*, for an order that each of the four judgment debtors appear for examination.

Accordingly, pursuant to Civil Local Rule 7-10, Federal Rule of Civil Procedure 69(a)(2), and California Code of Civil Procedure 708.110(c), CATs applies, *ex parte*, for an order, compelling the four judgment debtors to appear for examination.[1] A proposed order of examination for each judgment debtor is being submitted with this application.

## II.   BACKGROUND

The court issued an award of attorney's fees and costs in this matter on March 21, 2022. Docket No. 90. Under Federal Rule of Civil Procedure 58, such an award is treated as a money judgment, subject to the standard rules of enforcement and collection. A Writ of Execution (Docket No. 96) and an Abstract of Judgment (Docket No. 101) have been issued on this judgment. Despite correspondence to counsel for the judgment debtors, the judgment has not been paid. Declaration of Andrew L. Packard in Support of *Ex Parte* Application for Order of Examination of Judgment Debtors ("Packard Dec.") at ¶3. On an initial levy of the Writ of Execution, a Memorandum of Garnishment has been returned by the garnishee (Tri-Counties Bank) with the response that the judgment debtor's account has been closed. Packard Dec. at ¶4.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 69, subsection (a)(2) provides that "[i]n aid of the judgment … the judgment creditor … may obtain discovery from any person … as provided in these rules or by the procedure of the state where the court is located." FRCP 69(a)(2). The procedure of the State of California for the examination of a judgment debtor is set forth in California Code of Civil Procedure Section 708.110. Subsection (b) provides that "[i]f the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order upon *ex parte* application of the judgment creditor." CCP 708.110. Local Rule 7.10, requires that any *ex parte* application be authorized by "statute, Federal Rule, local rule, or Standing Order." This requirement is met as an *ex parte*

---

[1] If this matter must be determined by noticed motion, plaintiff submits this memorandum and supporting declaration in support of such motion and will file and serve the applicable Notice of Motion once the date and time for such motion has been set by the court. Further, plaintiff is willing to conduct these examinations at the courthouse in Oakland, California, the courthouse in McKinleyville, California or by Zoom.

application is expressly provided for by CCP 708.110 as incorporated by FRCP 69.

### IV. ARGUMENT

The money judgment regarding attorney's fees was entered on March 21, 2022, more than 110 days ago. Plaintiff's counsel has repeatedly requested payment of the judgment. Plaintiff's counsel has also requested dates on which the judgment debtors would be available for examination. Despite the requests for payment, no payment in any amount has been made by any judgment debtor. Further, no available dates have been provided for any judgment debtor by counsel. Packard Dec. at ¶4. Further, an inference can be drawn from the response by a garnishee in answering a direct effort to enforce the judgment that the judgment debtor may be attempting to hide assets by closing known accounts.

California state procedures for enforcing judgments are incorporated into the Federal Rules generally. FRCP 69(a)(1). Concerning the examination of a judgment debtor, Federal Rule of Civil Procedure 69 specifically provides that state discovery procedures can be followed. California Code of Civil Procedure section 708.110 provides that, where no examination has taken place within the last 120 days, "the court <u>shall</u> make the order upon *ex parte* application of the judgment creditor." CCP 708.110 (emphasis added).

For the foregoing reasons, plaintiff respectfully requests that the court issue an order for each judgment debtor to appear for examination.

Dated: July 16, 2022         LAW OFFICES OF ANDREW L. PACKARD

By:   /s/ Andrew L. Packard
      Andrew L. Packard
      Attorneys for Plaintiff
      Californians for Alternatives to Toxics

[SEAL: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Laurel Beeler]