Allison G. Jackson, State Bar No. 157078
John S, Lopez, State Bar No. 149291
HARLAND LAW FIRM LLP
622 H Street
Eureka, California 95501
(707) 444-9281 telephone
(707) 445-2961 facsimile

Attorneys for Defendants
KERNEN CONSTRUCTION CO.,
BEDROCK INVESTMENTS LLC,
SCOTT FARLEY and KURT KERNEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>KERNEN CONSTRCUTION CO.; BEDROCK INVESTMENTS LLC; SCOTT FARLEY; and KURT KERNEN,<br><br>Defendants.<br>_____/ | Case No.  4:20-cv-01348-YGR<br><br>DEFENDANTS' OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>Date:       November 3, 2022<br>Time:       9:30 a.m.<br>Location:  (Zoom Webinar)<br>Hon. Magistrate Judge Laura Beeler |

I.   INTRODUCTION.

It has never been contested that Defendant must pay attorney fees. However, those fees must be reasonable as to time and to rates billed for being directly related to collecting the debt owed to Plaintiff's attorney fees.  Based on these discrepancies and adjustments between what was demanded and what is now attached to Plaintiff's motion, Defendants ask this Court to evaluate the reasonableness of the claimed amounts of hours and reduce for billing not necessary to a creditor's claim for attorney fees, for duplicate efforts for which any court should reduce in hours to adjust for multiple representation; to further reduce as appropriate in accordance with Good Billing Judgment excessive, redundant, duplicative or unnecessary charges. The Court impose a  reduction in hours that were billed in a block format; that the court should reduce the

requested amounts for time regarding email communications lacking any description; that this court should reduce the requested amounts due to "vaguely documented tasks;" that the court further reduce the claimed hours for email communications or for accounting, invoicing, and billing which would be *not* properly charged to a client so this should not be charged to defendants; and finally that the court determine and reduce the number of hours as excessive, redundant, duplicative or otherwise unnecessary to the direct collection of fees and reduce Plaintiff's hours accordingly.

Plaintiff's counsel is demanding over $100,000 for preparing one writ of execution that was delivered to six different banks in Eureka, CA by the US Marshalls, and for one session of a debtors exam that took approximately 3 hours. The Plaintiff has had the names and addresses of defendants banks, both closed and open accounts since the penalty phase for the matter. Defendants have been trying to address both the payment plan for fees and the penalty to the US Government at the same time.

II. <u>LAW AND DISCUSSION.</u>

1. <u>REASONABLENESS OF HOURS EXPENDED</u>.

It is undisputed that "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). "A district court is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." *Id.*

Defendant's have attached A to this Opposition. Highlighted are the claims that could be generally construed as reasonable and necessary to debt collection. Those fees amount to approximately $28,658.

<u>Duplicate Efforts.</u> Courts have declined to require an automatic reduction in hours to adjust for multiple representation*, but have advised district courts to give particular attention to the possibility of duplication.*" *DeGrado v. Jefferson Pilot Fin. Ins. Co.*, No. 02-cv-1533, 2009 U.S.

Dist. LEXIS 60515, 2009 WL 1973501, at *7 (D. Colo. July 6, 2009) (citing *New Mexico Citizens for Clean Air & Water v. Espanola Mercantile Co.*, 72 F.3d 830, 835 (10th Cir. 1996); *Deboard v. Sunshine Mining and Refining Co.*, 208 F.3d 1228, 1244-45 (10th Cir. 2000); *Sinajini v. Bd. of Educ. of San Juan County Sch. Dist.*, 53 Fed. Appx. 31, 35 (10th Cir. 2002)).

Again, Defendants respectfully request that this court reduce the claimed amounts which have been duplicatively billed for multiple counsel preparing the writ of execution and directions to the Marshall's office for collection as well as for multiple attendance of a debtor exam conducted by only one attorney for plaintiff.

A. <u>Further Reduction In Hours Is Appropriate In Accordance With Good Billing Judgment</u>.

Courts have noted that a reduction in hours billed is warranted, in accordance with good billing judgment. Reasonably competent counsel bill a reasonable number of hours. Reasonably competent counsel do not bill hours that are excessive, redundant, or otherwise unnecessary. Additionally, a court must take into consideration discounts commonly given to clients and an attorney's ability to collect fees from its client. In the private sector, "billing judgment" is an important component in fee setting. It is no less important when determining a reasonable fee amount. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority. See *Albion Pac. Prop. Res., LLC v. Seligman* (N.D.Cal. 2004), 329 F. Supp. 2d 1163, 1164.

An award of reasonable attorney fees "controls what the losing defendant must pay, not what the prevailing party must pay his lawyer." Venegas, 495 U.S. at 90. The losing party is obligated to pay only the rate charged by reasonably competent counsel. Accordingly, the losing party should not be obligated to pay an above-average attorney fee award simply because the prevailing party obtained an above-average result by employing counsel of unusual skill or experience. Instead, a party that receives an above-average result should be compensated for the work of reasonably competent counsel. In sum, to convert the data provided by Plaintiff fee applicants in this matter to a "reasonable attorney fee," this court must first compare the requested number of hours to the number of hours that "reasonably competent counsel" would

have billed. The court should then multiply the appropriate number of hours by the average market rate. See *Albion Pac. Prop. Res., LLC v. Seligman* (N.D.Cal. 2004) 329 F.Supp.2d 1163, 1171.

Defendant requests this court reduce the claimed hours because many hours could never be billed to any client. For instance, multiple attorneys are billing excessive hours for a simple debt collection from a judgment. On 9/12/22, multiple attorneys are billing for one debtors exam that was conducted by only one attorney, David Williams. None of the other billing attorneys did anything other than observe. Moreover, the ehxibit for fees submitted by Plaintiff shows an exorbitant amount of billing other than for preparation of the writ and directions to the Marshall.

A district court may impose a percentage reduction in hours that are billed in a block format. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). "Block billing" lumps multiple tasks together and makes it more difficult for the court to determine how much time was spent on a particular activity. Id. If, however, a court reduces for block billing, it must determine which bills were "block billed" and apply the reduction to only those blocks. *Id.*

If this court reviews the billing submitted by Plaintiff's counsel, much is simply excessive and block billed.

      B.    <u>Excessive, Redundant, Duplicative or Otherwise Unnecessary Billing of Hours</u>.

"[A] court also should consider whether the number of hours devoted to litigation was excessive, redundant, duplicative or otherwise unnecessary." *Mahani v. Edix Media Grp., Inc.*, 935 A.2d 242, 247-48 (Del. 2007) (citation omitted); see also *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."). *Banas v. Volcano Corp.* (N.D.Cal. 2014) 47 F. Supp. 3d 957, 962.)

A review of Plaintiffs exhibit reflects excessive, redundant or otherwise unnecessary billing of a debt collection matter.

      C.    <u>Email Communications or Accounting, Invoicing, and Billing Are</u>

Not Properly Charged to a Client, So Should Not Be Charged to Opponent.

Accounting, budget, or billing communications are not tasks properly billed to the client. While this may be work requiring an attorney to complete and is not clerical, it is not traditionally time that is paid for by the client, but is overhead work that is subsumed within the attorney's hourly rate. See *Shorter v. Valley Bank & Trust Co.*, 678 F. Supp. 714, 725 (N.D. Ill. 1988) ("most lawyers do not bill their fee-paying clients for hours spent preparing bills"); Hensley, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." (internal citation and quotation marks omitted) (*Miller v. Schmitz* (E.D.Cal. Feb. 15, 2017, No. 1:12-cv-00137-LJO-SAB) 2017 U.S.Dist.LEXIS 21513, at *26-27.)

D.  Vaguely Documented Tasks.

"The party requesting fees for [attorney] work must submit evidence documenting the hours claimed, and if the documentation is inadequate, or the claimed hours appear 'excessive, redundant, or otherwise unnecessary,' the court should reduce the award accordingly." *Webb v. Bd. of Educ. of Dyer Cnty., Tenn.*, 471 U.S. 234, 253 n. 16, 105 S. Ct. 1923, 85 L. Ed. 2d 233 (1985) (Brennan, J., concurring in part and dissenting in part) (citation omitted).  The attorney should identify "the general subject matter of his [or her] time expenditures," id. (quoting *Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1542 (9th Cir. 1992), vacated on other grounds, 984 F.2d 345 (9th Cir. 1993)) (internal quotation mark omitted.)   See *Miller v. Schmitz* (E.D.Cal. Feb. 15, 2017, No. 1:12-cv-00137-LJO-SAB) 2017 U.S.Dist.LEXIS 21513, at *34-37.)

If the court reviews the exhibit upon which the Plaintiffs are seeking creditor attorney fees for collecting the contingent fees for their counsel, many of the tasks for debt collection are vaguely documented.

III.  CONCLUSION.

It has never been contested that Plaintiff is not entitled to attorney fees in this matter. However, those fees must be reasonable as to hours and as to amounts.  This Court should significantly reduce the hours claimed as duplicative, excessive, lacking good billing judgment,

unnecessary and poorly documented especially given the fact that this is a simple debt collection matter upon which Defendants were trying to negotiate a payment plan both with the federal government and with Plaintiffs (See Declaration of Jackson to Motion for Administrative Relief.

DATED: October 17, 2022                    Respectfully Submitted,

                                                            HARLAND LAW FIRM LLP

                                                            */s/ Allison G. Jackson*
                                                          Allison G. Jackson
                                                          Attorneys for Defendants KERNEN CONSTRCUTION CO.; BEDROCK INVESTMENTS LLC; SCOTT FARLEY; and KURT KERNEN