Allison G. Jackson, State Bar No. 157078
John S, Lopez, State Bar No. 149291
HARLAND LAW FIRM LLP
622 H Street
Eureka, California 95501
(707) 444-9281 telephone
(707) 445-2961 facsimile

Attorneys for Defendants
KERNAN CONSTRUCTION CO.,
BEDROCK INVESTMENTS LLC,
SCOTT FARLEY and KURT KERNEN

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, | Case No. 4:20-cv-01348-YGR |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE TO MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE** |
| v. | |
| KERNEN CONSTRCUTION CO.; BEDROCK INVESTMENTS LLC; SCOTT FARLEY; and KURT KERNEN, | Date: April 25, 2023 Time: 2:00 p.m. Location: Zoom |
| Defendants. | Honorable Judge Yvonne Gonzales Rogers |
| _____/ | |

## INTRODUCTION

On March 6, 2023, Magistrate Judge Beeler issued her Report and Recommendations regarding Plaintiff's Post Judgment Motion for Attorney Fees.  Said R&R went into detail regarding the evidence the Court considered.  Initially, Judge Beeler requested additional information from Plaintiff after commenting that without the additional information, she would need to spend considerable time trying to figure it out on her own.  Plaintiff agreed to supplement its initial documentation and Defendant was allowed to supplement its opposition.  Plaintiff then filed a Supplemental Declaration.  Defendants filed Supplemental Opposition and two

1  supplemental Declarations.   All in all, Plaintiff provided the five declarations to its motion for

2  post judgment fees and costs (ECF 121,124,132-1, 138 and 144) to the Court.  Defendants

3  provided three declarations (ECF 130-1142-1 and 145-1) to the Court.  Plaintiff then expressly

4  waived filing any reply nor filing any additional declarations to Defendants last supplemental

5  opposition and declaration. (ECF 146).

6       In addition, Defendants have moved to augment the record due to Plaintiff filing a

7  motion to augment the record and add a letter and email.   Defendants have sought to add a full

8  list of the many contacts between the  counsel for Defendants and their staff and Plaintiff's

9  counsel during the operative time Plaintiff says it had no contact with Defendants.  Said email

10 list rebuts Plaintiff's assertions that they were without contact with Defendants from March 2022

11 through July 2022.  Quite the contrary, stipulations, questions of default judgments, site

12 inspections were all occurring during this period of time.

13                    **PROCEDURAL HISTORY**

14      This Court had previously referred all matters related to post judgment collection to

15 Magistrate Judge Beeler.

16      On September 29, 2022, Plaintiff filed its Motion for Fees post judgement ECF 120 and

17 accompanying Declarations ECF 121 and ECF 124 (Williams and Packard).

18      Defendants' opposition was delayed two court days due to a death in counsels family the

19 day before.  Said Response to the fee motion and accompanying Declaration was filed October

20 17, 2022. ECF 130 and 130-1.

21      On October 18, 2022, Plaintiff filed an additional Declaration re: fees and costs. ECF

22 132-1.

23      On October 31, 2022, Plaintiff supplemented its initial Declaration increasing the amount

24 claimed. ECF 138.

25      On November 3, 2022, in response to the ECF 138 filing(which was an increase in

26 Plaintiff's requested fees), Defendants filed their Supplemental Opposition and Supplemental

27 Declaration.  ECF 142 and 142-1.

28

1    At hearing conducted November 10, 2022, Magistrate Judge Beeler told Plaintiff that

2    unless she had supplemental briefing from Plaintiff breaking down its requests into categories,

3    that she would be left spending considerable time doing it herself.  Plaintiff agreed to supplement

4    its  declaration and breakdown the amounts requested into categories.  Defendants were allowed

5    to then supplement any opposition/response also with declarations.

6    On November 15, 2022, Plaintiff filed another Declaration ECF144 to provide Magistrate

7    Judge Beeler regarding fees broken down per category.

8    On November 22, 2022, pursuant to Magistrate Judge Beeler's order made November 10,

9    2022, Defendant then filed a second supplemental opposition and declaration in ECF 145 and

10   145-1, 145-2

11   On November 22, 2022, Plaintiff expressly waived filing any reply brief and expressly

12   waived filing any supplemental declarations to the Declarations made by Defendants on that date.

13   Plaintiff filed ECF 146 and stated

14       ""it will not file a brief in reply to Judgment Debtor's Opposition/Response to the

15       pending motion for attorneys' fees and costs, or the supporting declaration of

16       Allison Jackson, filed today (ECF Nos. 145, 145-1 and 145-2)."

17   On December 22, 2022, the matter was called on Magistrate Judge Beeler's 9:30

18   calendar.   The court clerk informed all counsel calendared that  Judge Beeler's calendar was

19   significantly over booked and it was likely many of the Law and Motion matters would be

20   continued.  Defendant and other attorneys were "parked" on zoom all morning.  Defendant left

21   the zoom hearing after noon given other scheduled hearing, since the matter was fully briefed,

22   any reply was waived by Plaintiff and the matter could be submitted on the pleadings.

23   On March 6, 2023, Judge Beeler filed her Report and Recommendations after an

24   extensive review of the pleadings approving the amount of reasonable fees in the amount of

25   $33,514. ECF 120-150.

26   On March 20, 2023, Plaintiff filed a Motion for a De Novo Determination of Magistrates

27   order regarding fees and also a Motion to Augument the Magistrates record submitting an

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE TO MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**    3              Case No. 3:20-cv-01348-JD

1   Exhibit purporting to be the only contacts with Defendants from March 22, 2022 through

2   November 2022.

3          On March 22, 2023, Defendant filed an Opposition to Plaintiff's motion to augment

4   based upon its express waiver.

5          On March 22, 2023, Defendant is filing concurrently with this Response, its own Motion

6   to Augment, with an email list of all the contacts with Plaintiff since March 22, 2022,

7   documentation of a site visit and inperson meeting with Plaintiff which directly rebuts Plaintiff's

8   assertion that they had no contact with Defendants.

9                    **SUMMARY OF RESPONSES TO OBJECTIONS**

10         1. Defendant objects that there is not "substantial evidence" to support the finding that

11  Defendants were not  refusing to pay and were willing to make payments.  "Substantial

12  Evidence" means such relevant evidence as a reasonable mind might accept as adequate to

13  support a conclusion.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Gebhart v. SEC*,

14  595 F.3d 1034, 1043 (9th Cir. 2010); *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th

15  Cir. 2003).  The competing declarations stated that Defendants had been discussing a payment

16  plan and a reduction in fees before this Court *prior* to the District Court issuing its determination

17  of fees in its March 2022 order and that Defendants had repeatedly told Plaintiff that DOJ civil

18  penalties took precedence  and said penalties were not dischargeable in bankruptcy.  Defendants

19  were actively trying to settle a payment plan with DOJ so that Defendants could then set up a

20  payment plan which would work with Plaintiff.   That Plaintiff was in clear contact with DOJ

21  regarding the penalties during this time is reflected in their breakdown categories.  The

22  Magistrate considered all of the declarations filed by both Plaintiff and Defendant in making this

23  determination.   In addition, nothing in Plaintiff's augmented exhibits rebuts that they were in

24  contact with DOJ and that Plaintiff was well aware of this from their own billing.

25         In the event, that this Court grants the Plaintiff's Administrative Motion to Augment to

26  add an additional declaration even though such was previously waived by Plaintiff and

27  Defendants have opposed that motion, Defendants have submitted a detailed email list of all of

28

1  the emails sent to and from Defendant's counsel's office from the entire year 2022. which shows

2  lengthy and consistent contacts between counsel on numerous issues including the civil penalties,

3  site visits, etc, during the period in question.[1]  All of the declarations provided by Plaintiff and all

4  of the declarations provided by Defendants to the Magistrate Judge on this issue provide

5  substantial evidence in support of the Magistrate's Report and Recommendation.

6      2.  Defendant objects that there is not "substantial evidence" to support the Magistrate's

7  Report and Recommendation that Defendants were in bad financial condition.  "Substantial

8  Evidence" means such relevant evidence as a reasonable mind might accept as adequate to

9  support a conclusion.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Gebhart v. SEC*,

10 595 F.3d 1034, 1043 (9th Cir. 2010); *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th

11 Cir. 2003).

12     The Declaration and 2 supplemental declarations (See ECF 130, 142-1 and 145-1)

13 provided by Defendant, attests that they were actively working with DOJ, that their financial

14 status was poor, that they had just enough in the bank to make payroll, that last years profits were

15 $12,000 after a modest *mandatory* replacement of equipment and payroll and that they had only

16 recently obtained a modest payment plan with DOJ which reflected reality and would furnish

17 more under seal more information regarding its financial status DOJ.   All of the declarations

18 provide substantial evidence in support of the Magistrate's Report and Recommendations.

19     3.  Plaintiff objects to the Magistrate's Report and Recommendation regarding

20 Defendants contacting Plaintiff after working out a payment plan with DOJ regarding Civil

21 Penalties.

22     "Substantial Evidence" means such relevant evidence as a reasonable mind might accept

23 as adequate to support a conclusion.  *See Richardson v. Perales*, 402 U.S. 389, 401

24

25     [1]  Defendants alert the Court that lead counsel took ill and was hospitalized in May and

26 not discharged until June which shows a more limited contacts, but contacts just the same.  In the
   email list Defendant submitted separately under its Motion to Augment (if this Court grants

27 Plaintiff's Motion to Augment which is opposed by Defendants in ECF 156) it shows plaintiff
   was advised of counsel was out of the office in mid may through June and medically restricted
   and that Mr. Lopez and Mr. Bueller were cover things in her absence.

28

1  (1971); *Gebhart v. SEC*, 595 F.3d 1034, 1043 (9th Cir. 2010); *Howard ex rel. Wolff v. Barnhart*,
2  341 F.3d 1006, 1011 (9th Cir. 2003).  The Magistrate's Report and Recommendations cite the
3  declarations of counsel, especially that of Defendants.

4       Even though Plaintiff expressly waived responding to these proper declarations and the
5  facts therein in their ECF filing 146.  In the event  this Court allows Plaintiff to augment the
6  documents Plaintiff now seeks to augment do show Defendants reaching out regarding a payment
7  plan and their attempt to find numerous different potential  ways to satisfy a payment plan prior
8  to the start of the DOJ payment plan to avoid DOJ asserting precedence over Plaintiff's fee
9  claims.  As stated in Defendants declarations and not rebutted, Defendants had ongoing
10 conversations regarding Defendants poor financial status and their inability to anything but a
11 payment plan *prior to the Court's fee determination in May 2022.*

12      If the court reviews the ECF filings from April 2022 through June 29, 2022, there were
13 multiple filings by each party and by DOJ.  (ECF91-103.) In order for DOJ to entertain a
14 payment plan, Defendants would have to be in default which was filed by Defendants in ECF 97,
15 on May 6, 2022.  ECF doc 98 shows the first appearance by DOJ on May 9, 2022.  DOJ's
16 proposed abstract of judgment ECF doc 99 on May 12, 2022 and finally the Judgment for DOJ
17 ECF 103 on June 30, 2022.  All noticed to Plaintiff  during a time where the email tracking
18 shows constant communication between the offices.

19 4. Plaintiff objects to the Magistrates Report and Recommendation regarding her determination
20 that much of what Plaintiff was claiming was unnecessary and/or unreasonable.  Magistrate
21 Judge Beeler conducted an extensive review of the applicable case law and the undisputed facts
22 contained in all of the Declarations. Plaintiff simply disagrees with the Magistrates assessment of
23 the applicable law regarding section 685.040 and section 708.510 and the facts set forth in all of
24 the declarations.  Judge Beeler's Report and Recommendation should be approved of by this
25 Court given her extensive review.

26 5. Plaintiff objects to the reduction of its fees pursuant to the Magistrates finding that said
27 reduction was based upon unnecessary and/or unreasonable charges.  The Magistrate's findings

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE TO
MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER
REFERRED TO MAGISTRATE JUDGE**   6      Case No. 3:20-cv-01348-JD

regarding this issue in her Report and Recommendation is supported by substantial evidence which is clearly and succinctly expressed in Judge Beeler's R&R.  Based upon those findings supported by the law and by substantial evidence, this Court should approve the R&R and the reduction of fees and costs.

CONCLUSION

Defendants ask this Court to approve Magistrate Judge Beeler's Report and Recommendation over the objection of Plaintiff.  Plaintiff has attempted to rebut  Magistrate Judge Beeler's Report and Recommendation with only brief documents that do not reveal the extent of the contacts between the offices while Defendants were working a payment plan out with the DOJ.   The Magistrate applied the correct law and is supported by substantial evidence both at the time, and now if the court considers and grants Defendants Motion to Augment.

Dated: March 22, 2023                                  _/s/ Allison G. Jackson____
                                                                      Allison G. Jackson
                                                                      Harland Law Firm, LLP
                                                                      Attorney for Kernen et.al