1  ANDREW L. PACKARD (State Bar No. 168690)
   WILLIAM N. CARLON (State Bar No. 305739)
2  Law Offices of Andrew L. Packard
   245 Kentucky Street, Suite B3
3  Petaluma, CA 94952
   Tel: (707) 782-4060
4  Fax: (707) 782-4062
   E-mail: andrew@packardlawoffices.com
5          wncarlon@packardlawoffices.com

6  [Additional counsel listed on p. 2]

7
   Attorneys for Plaintiff
8  CALIFORNIANS FOR
   ALTERNATIVES TO TOXICS
9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12

13 | CALIFORNIANS FOR ALTERNATIVES | Case No. 4:20-cv-01348-YGR
   | TO TOXICS, a non-profit corporation, |

14 |                      Plaintiff,        | **RESPONSE OF PLAINTIFF AND
   |                                        | JUDGMENT CREDITOR TO
15 |          vs.                           | DEFENDANTS' ADMINISTRATIVE
   |                                        | MOTION TO SUBMIT ADDITIONAL
16 | KERNEN CONSTRUCTION, et al.,           | EVIDENCE**

17 |                      Defendants.       |

18

19

20

21

22

23

24

25

26

27

28

1   [Additional counsel for Plaintiff]

2   WILLIAM VERICK (State Bar No. 140972)
    Klamath Environmental Law Center
3   1125 16th Street, Suite 204
    Arcata, CA  95521
4   Tel: (707) 630-5061
    Fax: (707) 630-5064
5   Email: wverick@igc.org

6   DAVID WILLIAMS (State Bar No. 144479)
    Law Offices of David Williams
7   1839 Ygnacio Valley Road, Suite 351
    Walnut Creek, CA  94598
8   Tel: (510) 847-2356
    Fax: (925) 332-0352
9   E-mail: dhwill7@gmail.com

10  BRIAN ACREE (State Bar No. 202505)
    Law Offices of Brian Acree
11  331 J Street, Suite 200
    Sacramento, CA 95814
12  Tel: (916) 505-6861
    E-mail: brian@brianacree.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONSE TO DEFENDANTS' MOTION TO AUGMENT THE RECORD**

Plaintiff acknowledges that it has stipulated to Defendants' filing of additional evidence by way of Administrative Motion.  This response is not an objection to that filing.  However, the Court has indicated an intention to issue a revised report and recommendation, and Plaintiff takes this opportunity to set forth its position on the relevance and weight that should be given to the additional evidence submitted by Defendants.  For ease of reference, Plaintiff has attached a copy of Defendants' Exhibit A, with emails enumerated to make them easier to identify by page and email number ("**Enumerated Exhibit A**").

**GENERAL CONSIDERATION OF THE ADDITIONAL EVIDENCE SUBMITTED**

1. Evidence Concerning Defendants Indicating a Willingness to Pay and Cooperate in the Payment of the Judgment.

Plaintiff has argued that Defendants first offered to discuss payment on September 27, 2022, more than six months after the judgment was entered.   Defendants respond that the list of emails they submitted as additional evidence "shows lengthy and consistent contacts between counsel on numerous issues including the civil penalties, site visits, etc., during the period in question."  (Opp. 5:2-3).  This appears to misunderstand Plaintiff's argument.  Plaintiff is not contending that there was no contact, Plaintiff is arguing that there was no indication at all from Defendants that they were willing to pay the judgment.  The emails provided by Defendant are not to the contrary.  None of the emails prior to September 27, 2022 (Defendant's Administrative Motion To Augment The Record, Exhibit A pages 2-9, Dkt. No. 158-1 (Exhibit A)) concern Defendants paying or discussing the payment of the fees award judgment.

2. Evidence Concerning Financial Condition.

No additional evidence was submitted by Defendants on their financial condition.  Dkt. No. 159 at 5:6-18.

3. Evidence of Payment of Plaintiff's Judgment Being Subordinate to Defendants Reaching an Agreement on Payment Plan with Department of Justice

Plaintiff has argued that the issue of the Department of Justice ("DOJ") payment plan, its details, and the assertion by Defendants that the payment of Plaintiff's judgment was subordinate to the payment of the penalty judgment, is not in evidence before the court.  None of the emails

(Exhibit A, Dkt. No. 158-1) or calendar entries (Exhibit B, Dkt. No. 158-2) are to the contrary. There are emails and calendar entries that arguably imply that Defendants and DOJ had discussions and meetings and that defendants provided supplemental financial information to DOJ.  But there is no evidence of the details of those discussions or that consideration and enforcement of Plaintiff's judgment was subordinate to the DOJ penalty judgment.  Nowhere in the record has DOJ indicated that payment of civil penalties legally takes priority over the remainder of the judgment.

It is also noteworthy that Plaintiff has never said that Plaintiff is not interested in the payment of the civil penalties.  Indeed, Plaintiff is and has been very interested.   That is exactly why Plaintiff brought the eight-month lack of payment or enforcement of the penalty to the attention of the Court. Dkt. Nos. 88-89.  But the other reality is that Defendants and DOJ have locked out Plaintiff (and the Court) from any information about their discussion or agreement related to civil penalties, if any, that has been reached.  It is telling that what appears to be the information about these discussions has been redacted from these emails.  (*See*, *e.g.*, email May 25, 2022, Exhibit A, page 6).

## SPECIFIC DISCUSSION OF EMAIL EVIDENCE

Plaintiff's counsel have found the email list attached as Exhibit A to Defendants' Administrative Motion to Augment the Record difficult to read, and no specific email is cited by Defendants in their opposition papers.  Nonetheless, Plaintiff offers the following review of those emails.  The exhibit contains fifteen pages of approximately 18 emails per page.  Each page is in reverse chronological order, but the pages themselves appear to be in increasing chronological order. For reference, a copy of Defendants' Exhibit A, with emails enumerated to make them easier to identify by page and email number, is attached as "**Enumerated Exhibit A**."  (Page 1 of the Defendants' Exhibit A contained no emails, so it is not addressed below.)

Page 2 Emails

The second email of Page 2 confirms receipt of Plaintiff's March 22 letter inviting payment of judgment discussions.  Notably there is no responding email.  The third email on Page 2 is the service of the Judgment by the court.  *See*, **Enumerated Exhibit A**, 2.  The rest of page 2 predates the judgment.

Page 3-5 Emails

The emails on Page 3 overlap the emails on page 2, with 6 emails appearing on both pages. More substantively, none of the emails on page 3-5 include a communication from Defendants about payment of Plaintiff's judgment. The emails on Page 3-5 concerned two matters: The first was the request by Defendants for entry by the Court of a default against Defendants for failure to pay the penalty judgment. *See*, Dkt. Nos. 91, 97. The reason given by counsel for Defendants was that DOJ could not negotiate a payment plan unless the Court had first entered a default. Notably, DOJ had not appeared in the action, and had not made any indication of this directly. Nor did counsel for Defendants provide any details about the discussions between Defendants and DOJ. This also coincided with the court clerk initially refusing to issue a Writ of Execution on the fees award order, Dkt. No. 94, stating that he needed additional guidance from the Court. The Court then requested a letter brief addressing the issue of whether the penalty judgment should be amended to include the fees award. This was addressed in Plaintiff's letter brief of May 4, 2022. Dkt. No. 93.

The second matter concerned a wet weather inspection. Beginning on April 12, 2022, Plaintiff gave notice of intent to perform a physical inspection of Defendants' property pursuant to the Court's order on injunctive relief. *See*, Dkt. No. 60. Counsel for the parties exchanged multiple emails coordinating that inspection, which was ultimately conducted on April 21, 2022.

Page 6 Emails

The earliest emails on Page 6 (Nos. 14-17 [recall each page is in reverse chronological order]) concern the default entry requested by Defendants discussed above.

Email 10 (June 1, 2022) confirms the communication from Plaintiff's counsel Andrew Packard informing defense counsel for Defendants of the bank levy and inviting a discussion. Emails 1 through 4 (July 5 through 12) confirm Plaintiff's counsel informing defense counsel of the desire to seek a debtor's exam. The record also makes clear that Defendants did not respond to the June 1 email or the early July emails with any indication that they were willing to pay the judgment or wished to discuss doing so. Some of the other emails indicate communications with the DOJ, but it is telling that the body of these emails, even now, have been redacted.

Page 7 Emails

The emails on Page 7 show the recording of an abstract of judgment (Nos. 17, 18), emails

regarding the debtors exam (Nos. 13-16), emails from the Court noting the filing of the *ex parte* request for a debtors exam (Nos. 3-4, 7-12), emails regarding the debtors exam (Nos. 1-2, 5-6), including the email of July 25, 2022 in which Mr. Packard again invited a discussion of satisfying the judgment. None are emails from Defendants suggesting that they were willing to pay the judgment and wanted to talk about doing so.

Page 8 Emails

Most of the emails on Page 8 (Nos. 4-18) concerned continued discussion of and then the conducting of the debtor's exam, including Plaintiff's invitation to include DOJ in the examination. DOJ declined to participate.  The latest dated emails (Nos. 1-3) concerned follow up deposition notices issued after the examination, pursuant to FRCP 69.  These were necessary because Defendants failed to produce the individuals most knowledgeable about defendant Kernen's financial information, which limited the information that could be acquired from the exam.

Page 9-16 Emails

The emails on Page 9 concerned a discussion of the depositions noted above and notice of filings received from the court.   Except for one email on Page 10 noting a filing on September 26, all the emails on pages 10-16 are from September 27 or later.  Plaintiff acknowledges that payment settlement discussions occurred after September 27th.

None of the calendar excerpts in Defendants' Exhibit B concern Defendants paying Plaintiff's judgment.  Pages 3 and 5, do seem to suggest that there were discussions between Defendants and DOJ, but there is no indication that these discussions included Plaintiff or what was discussed, or that there was anything in the discussion to indicate that a payment of the penalty needed to be arranged in advance of discussions of payment of Plaintiff's judgment.

Respectfully submitted,

Dated: March 23, 2023                    LAW OFFICES OF ANDREW L. PACKARD

                                         By: /s/ Andrew L. Packard
                                         Andrew L. Packard
                                         Attorneys for Plaintiff
                                         CALIFORNIANS FOR
                                         ALTERNATIVES TO TOXICS