ANDREW L. PACKARD (State Bar No. 168690)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com

WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
1125 16th Street, Suite 204
Arcata, CA  95521
Tel: (707) 630-5061
Fax: (707) 630-5064
Email: wverick@igc.org

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
Tel: (530) 514-4115
E-mail: william@carlonlaw.com

Attorneys for Plaintiff
CALILFORNIANS FOR
ALTERNATIVES TO TOXICS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KERNEN CONSTRUCTION, et al.,<br><br>Defendants. | Case No. 4:20-cv-01348-YGR (LB)<br><br>**REQUEST FOR ADMINISTRATIVE RELIEF REGARDING THE COURT'S MAY 2, 2021 AWARD OF CIVIL PENALTIES IN THE AMOUNT OF $2,087,750; [PROPOSED] ORDER THEREON**<br><br>**[Civil Local Rule 7-11]** |

On May 2, 2021, this Court granted Plaintiff Californians for Alternatives to Toxics' request for civil penalties in the amount of $2,087,750.  ECF No. 58 ("Civil Penalty Order").  In early January 2022, nearly four months after the entry of judgment herein, Plaintiff's counsel was informed by the United States Department of Justice ("DOJ") that Defendants had not yet satisfied

the Civil Penalty Order.  Declaration of Andrew L. Packard in Support of Request for Administrative Relief ("Packard Decl."), filed herewith, ¶ 2.

Plaintiff then notified Defendants of this fact and -- noting that neither the Civil Penalty Order nor the judgment included a specific deadline for the *payment* of the civil penalty -- requested that the Defendants join Plaintiff in seeking clarification of the deadline.  Defendants declined, and Plaintiff obtained a clarification of the payment deadline, in the form of an order setting the deadline for April 20, 2022.  ECF No. 90, at 14: 16-17.

On November 22, 2022, Defendants' counsel informed Plaintiff and the Court that the Civil Penalty Oder remained unsatisfied and that "Defendants obtained a payment plan with respect to the penalties with the federal government." ECF No. 145, at 3: 6-7.  Defendants' brief went on to state that "[a]t this time, Defendants will not share that plan unless this Court inquires, but suffice it [sic] to say the monthly plan is modest and based upon financial realities."  *Id.* at 3: 7-8.

Defendants continue to refuse Plaintiff's request for a courtesy copy of the above-references payment plan with the DOJ.  Packard Decl., ¶ 4.  The DOJ has also refused Plaintiff's requests for a courtesy copy of the payment plan with the DOJ.  Packard Decl., ¶ 5.  For the reasons set forth below, Plaintiff now requests that the Court order Defendants to either file a copy of this payment plan, or in the alternative, to provide Plaintiff with a copy of the document.  Plaintiff further requests that the DOJ be ordered to file annual statements regarding the status of any payments made during the preceding year, to ensure that the penalties are collected in full.

First, *this is a citizen enforcement action, brought in the public interest*.  Consequently, the public has the right to know how the government is addressing any resulting civil penalty orders from this Court.  This is fully consistent with the transparency provisions of the Clean Water Act itself, such as the 60-day notice of violations to state and federal authorities.  *See* 33 U.S.C. § 1365(b)(1)(A).  Moreover, the settlement of any citizen enforcement action under the Clean Water Act is subject to a 45-day review by the DOJ and filed with the Court.  (33 U.S.C. § 1365(c)(3).  This payment plan is tantamount to a settlement and should therefore be subject to the same transparency provisions as any other Clean Water Act settlement.

Second, Plaintiff, having obtained the award of civil penalties, and as the holder of the

1  judgment, has an interest in seeing that these Defendants are held accountable for the payment of
2  penalties -- and that they are in fact collected from Defendants by the DOJ.  The prior history of this
3  matter, recited above, gives Plaintiff reasonable concerns that, in the absence of an order shedding
4  light in the payment plan, this may not be happening -- and that it will not happen in the future.

5  　　　　　Third, as a citizen enforcement group with a longstanding history of public interest litigation
6  under both state and federal environmental laws, Plaintiff has a broader organizational interest in
7  deterring future violations of the statute by the *entire* regulated community.  That interest is best
8  advanced by ensuring that the government diligently follows through on the collection of hard-
9  earned civil penalties.

10 　　　　　In compliance with Civil Local Rule 7-11, Plaintiff files herewith a proposed order requiring
11 Defendants to either file a copy of this payment plan, or in the alternative, to provide Plaintiff with a
12 copy of the document, and requiring the DOJ to file annual statements regarding the status of any
13 payments made during the preceding year.

14
15 Dated: March 168, 2024                LAW OFFICES OF ANDREW L. PACKARD
16                                         By: /s/_Andrew L. Packard_____
17                                              Andrew L. Packard
                                                Attorneys for Plaintiff
18                                              CALIFORNIANS FOR ALTERNATIVES TO TOXICS
19
20
21
22
23
24
25
26
27
28