Allison G. Jackson, State Bar No. 157078
John S, Lopez, State Bar No. 149291
HARLAND LAW FIRM LLP
622 H Street
Eureka, California 95501
(707) 444-9281 telephone
(707) 445-2961 facsimile

Attorneys for Defendants
KERNAN CONSTRUCTION CO.,
BEDROCK INVESTMENTS LLC,
SCOTT FARLEY and KURT KERNEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>KERNEN CONSTRCUTION CO.; BEDROCK INVESTMENTS LLC; SCOTT FARLEY; and KURT KERNEN,<br><br>Defendants.<br>_____/ | Case No. 4:20-cv-01348-YGR<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR ADMINISTRATIVE RELIEF REGARDING THE COURT'S MAY 2, 2021 AWARD OF CIV8IL PENALTIES IN THE AMOUNT OF $2,087,750 [ECF No. 164]<br><br>[Civil Local Rule 7-11] |

Plaintiff's "Request" must be denied on the ground that the motion is procedurally improper as it seeks substantive relief beyond the scope of a motion for administrative relief; the matter is closed and the court has no jurisdiction to grant the relief sought; Plaintiff has no standing to ask the court to grant relief; there is a federal statute on point to achieve Plaintiff's objective; and the Request for Relief is not based upon the law or a good faith extension of existing law.

I. THE REQUEST FOR ADMINISTRATIVE RELIEF IS BOTH PROCEDURALLY AND SUBSTANTIVELY FLAWED.

Civil Local Rule 7-11, Motion for Administrative Relief, provides that, "The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute,

Federal Rule, local rule, or standing order of the assigned Judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example." Plaintiff seeks to reopen a case which is completely closed after satisfaction of judgment to Plaintiff and after the end of the injunctive period set by the court. Plaintiff wants the government or Defendants to turn over records Plaintiff wants, post judgment and well after the case is over.

Not only is this matter resolved, judgment entered, satisfaction of judgment recorded as between Plaintiff and Defendants, the case was closed on September 20, 2021, with the injunction completed and released as of May 2023, a Full Acknowledgment and Satisfaction of Judgment filed by Plaintiff on October 28, 2022 (ECF #137). Plaintiff's "so-called" requested Administrative Relief is not a motion to exceed applicable page limitations; nor a request to shorten time on a motion; nor a request to extend a response deadline or alter a briefing schedule; nor a request to alter a discovery schedule that does not affect dispositive motion filing dates, trial dates, or the final pre-trial conference. It is also not a current or pending matter before the court. Instead, it is clear that Plaintiff wants discovery of a payment schedule between the Federal Government and Defendants well after the case has been resolved. Plaintiff has cited absolutely no authority for the basis for filing such a frivolous pleading, and the Request should be denied on the ground that the motion is procedurally improper as it seeks substantive relief beyond the scope of a motion for administrative relief, in a closed matter after satisfaction of judgment to Plaintiff.

II. THE CASE IS CLOSED AND THERE IS NO JURISDICTION TO ISSUE ANY ADMINISTRATIVE ORDER, NOR ANY OTHER ORDER REGARDING DISCOVERY.

Citizen suits are understood as a public law enforcement mechanism, with civil penalties *payable to the government* available as a deterrent. A citizen plaintiff seeking to intervene in the payment of civil penalties is an improper usurpation of executive branch authority and violates the separation of powers.

Jurisdiction regarding decisions on discovery and disclosure of any payment plan no longer exists (if it ever did) for Civil Plaintiff California for Alternatives to Toxics in the

1  situation now before this court – a matter in which a civil plaintiff has filed an Full
2  Acknowledgment of Satisfaction of Judgment (*see* ECF #137 filed 10/28/2022), wherein Plaintiff
3  California For Alternatives to Toxics acknowledged: "1. Satisfaction of the judgment is
4  acknowledged as follows: a. Full satisfaction (1) Judgment is satisfied in full. . . ." with the
5  judgment creditor listed as "California for Alternatives to Toxics, 600 F Street, Suite 3 #911,
6  Arcata, California 95521."
7       The payment plan decided upon by the Federal Government regarding penalties in the
8  matter is solely that of the Federal Government post judgment. Plaintiff fails to cite any authority
9  whatsoever to allow this court to use its Civil Local Rule 7-11 to re-open a closed case in which
10 satisfaction in full has been filed by Plaintiff in order to provide Plaintiff post-judgment
11 discovery of any payment plan between the Federal Government and Defendants. Plaintiff has
12 cited no authority because there is none.
13      Because, by Plaintiff's own admission, the judgment Plaintiff is entitled to has been
14 "satisfied in full" (*see* ECF #137 filed 10/28/2022), any further monetary relief sought by
15 Plaintiff would be beyond this court's jurisdiction to make.
16      Even if Plaintiff could somehow establish standing, post *full* satisfaction of judgment, it
17 would still have no standing to raise any discovery issue post judgment and post full satisfaction
18 of judgment.
19      III.   <u>PLAINTIFF DOES NOT HAVE STANDING</u>.
20      Standing no longer exists for Civil Plaintiff California for Alternatives to Toxics in the
21 situation now before this court – a matter in which a civil plaintiff has filed an Full
22 Acknowledgment of Satisfaction of Judgment (*see* ECF #137 filed 10/28/2022). It is a settled
23 rule that, "at an irreducible minimum," the constitutional requisites under Article III for the
24 existence of standing are that the plaintiff must personally have: 1) suffered some actual or
25 threatened injury; 2) that injury can fairly be traced to the challenged action of the defendant; and
26 3) that the injury is likely to be redressed by a favorable decision.
27      This case is settled, the injunction is over, Plaintiff has filed a full satisfaction of judgment,
28 and there is payment to the Federal Government of penalties. Plaintiff fails to assert legal

standing to challenge any payment plan so, in addition to using the wrong avenue of Civil Local Rule 7-11 to obtain discovery post judgment and post satisfaction in a closed matter, Plaintiff has also failed to assert standing to do so.

IV. **PLAINTIFF HAS A REMEDY TO OBTAIN DOCUMENTS BETWEEN THE FEDERAL GOVERNMENT AND DEFENDANTS - THE FREEDOM OF INFORMATION ACT.**

There is a federal statute that provides for disclosure of federal records that is available to Plaintiff, which is 5 U.S.C. § 552, the Freedom of Information Act.

V. **PLAINTIFF'S REQUESTED RELIEF IS NOT BASED UPON THE LAW OR A GOOD FAITH EXTENSION OF THE LAW AND THIS COURT SHOULD CONSIDER RULE 11 SANCTIONS.**

Plaintiff has failed to provide any authority, whatsoever, which gives it the right to ask for administrative relief in a closed matter, post judgment and after full satisfaction of judgment has been filed by the same Plaintiff. Plaintiff has not only failed to provide any authority for its filed "Request for Administrative Relief," it has also failed to provide any good faith argument to extend Local Civil Rule 7-11 post judgment, after the injunctive period is over, after it has recorded a full satisfaction of judgment, and where it has no standing nor legal right to insinuate itself in the Federal Government's payment plan. As such, this court should consider Rule 11 sanctions for such a frivolous filing.[1]

Dated: March 19, 2024                         Respectfully Submitted

                                              HARLAND LAW FIRM LLP


                                               /s/ *Allison G. Jackson*

                                              Allison G. Jackson
                                              Attorney for Defendants KERNEN
                                              CONSTRCUTION CO.; BEDROCK
                                              INVESTMENTS LLC; SCOTT FARLEY;
                                              and KURT KERNEN

---

[1] Defendants also wish this court to review the timing of this frivolous post-judgment filing. For some reason, Plaintiff filed its frivolous "Request" on a Saturday at 12:30 p.m., which shortened the time frame for Defendants' 4-day response since Defendants lost two days over the weekend due to Plaintiff's choice of timing.