ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
SHINING J. HSU (CABN 317917)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7022
   Fax: (415) 436-6570
   Email:  Shining.Hsu@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVE TO TOXICS,<br><br>   Plaintiff,<br><br>v.<br><br>KERNEN CONSTRUCTION CO., ET AL<br><br>   Defendant. | CASE NO.  20-CV-01348 YGR<br><br>**GOVERNMENT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMINISTRATIVE RELIEF** |

The United States respectfully submits this response to clarify that Plaintiff's cited authority, 33 U.S.C. § 1365, does not obligate the Government to produce documents or regular accountings to the court.

In support of their request for administrative relief Plaintiff cites to 33 U.S.C. §§ 1365(b)(1)(A) and (c)(3) of the Clean Water Act citizen suit provision. Both subsections are intended to protect the interests of the United States by requiring notice to the United States. Indeed, subsection (c)(3) of the statute is entitled "Protection of Interests of United States." 33 U.S.C. § 1365(c)(3). Nothing in the citizen suit provision creates an obligation for the Government to provide documents or accountings to

either plaintiffs or defendants in a citizen suit action.  Rather, the oversight provisions Plaintiff cites serve as a check on private parties from abusing the statute.

This protection afforded to the Government is consistent with Congress's intent to provide oversight over private parties, and consequences in the form of sanctions awardable to defendants, to prevent plaintiffs from abusing the citizen suit statute by bringing frivolous or harassing suits.  The Clean Water Act not only includes a review provision expressly allowing for United States review, the legislative history of the attorneys' fees provisions of the Clean Water Act, 33 U.S.C. § 1365(d), indicates that Congress believed judicial review was necessary to prevent frivolous or harassing suits. According to the legislative history:

> Subsection (d) allows the court to award to any party the costs of litigation, including reasonable attorney and expert witness fees, whenever the court considers this to be appropriate. Concern was expressed during the hearings that inclusion of a "citizen suit" provision would lead to frivolous and harassing legal actions. By permitting the court to award costs of litigation whenever it believes that it is appropriate to do so, the Committee is satisfied that defendants who were subjected to needless harassment or frivolous suits may be reimbursed for their expenses. This should have the effect of discouraging abuse of the "citizen suit" provision.

H.R. Rep. No. 911, 92d Cong., 2d Sess. 133-34 (1972); see also S. Rep. No. 414, 92d Cong., 1st Sess. 81 (1972).

In conclusion, the Court should deny the Defendant's request for relief to the extent it claims that 33 U.S.C. § 1365 creates an obligation for the Government to produce documents or accountings.

DATED:       March 20, 2024                    Respectfully submitted,

                                                 ISMAIL J. RAMSEY
                                                 United States Attorney

By:    */s/ Shining J. Hsu*
       SHINING J. HSU
       Assistant United States Attorney
       Attorneys for the United States of America