Allison G. Jackson, State Bar No. 157078
HARLAND LAW FIRM LLP
212 G Street, Suite 201
Eureka, California 95501
(707) 444-9281 telephone
(707) 445-2961 facsimile

Attorneys for Defendants
KERNAN CONSTRUCTION CO.,
BEDROCK INVESTMENTS LLC,
SCOTT FARLEY and KURT KERNEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>KERNEN CONSTRCUTION CO.; BEDROCK INVESTMENTS LLC; SCOTT FARLEY; and KURT KERNEN,<br><br>Defendants.<br>_____ / | Case No. 4:20-cv-01348-YGR<br><br>DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF<br><br>[Civil Local Rule 7-11] |

Plaintiff CALIFORNIANS FOR ALTERNATIVES TO TOXICS ("CATS") was subject to a protective order with respect to Defendants KERNEN CONSTRCUTION CO.; BEDROCK INVESTMENTS LLC; SCOTT FARLEY; and KURT KERNEN's ("KERNEN") financial documents which was duly ordered by Judge Rogers on October 26, 2020 (ECF Doc. #42). CATS has violated section 13 of that order[1] and continues to be in violation today. CATS has

---

[1] Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

been violating the order of the Court with respect to this financial data for nearly a year and a half and has done nothing to rectify this, even though CATs has been notified of the continuing violation. Using the dates in a manner that benefits CATS the most, the Order Adopting Amended Report and Recommendation; Granting in Part Motion for Attorneys' Fees and Costs (ECF Doc. #163) was issued June 13, 2023, and the appeal clock ran to July 13, 2023, so CATS was to return KERNEN's financial documents or provide certification of their destruction no later than September 11, 2023.

Additionally, CATS was under an affirmative duty pursuant to Section 7.1 of that agreement. That section states that Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. CATS has not returned any of KERNEN's financial data at all. Neither has CATS destroyed KERNEN's financial data and certified the destruction to KERNEN.  In fact, the two attorney's representing CAT's in analyzing the financial data stated they had no idea where the financial data was and that maybe former CATs attorney Andrew Packard had it. KERNEN has no idea of where these 2,745 pages of highly personal financial data and business data are located. See Declaration of Jackson and supporting Exhibits.

Three of CATS' attorneys billed time to review KERNEN's financial documents: David Williams (*see* ECF Doc. 67-2 at p.7 and ECF Doc. 121 at p. 15, line 179); Brian Acree (*see* ECF Doc. 67-2 at p. 8); and Andrew Packard (see ECF Doc. 121 at p. 15, line 197).  A review of these entries shows the following: David Williams and Brian Acree reviewed the lion share of the sensitive financial documents for the case on the penalty phase as set forth Motion for Attorney fees in ECF doc 67-2 pp 7 and 8. Williams billed 4.3 hours (3.0 and 1.3) and Brian Acree billed 3.8 (.8 and 3.0.) Post penalty phase in preparation of the judgment creditor debtor exams David Williams billed 1.0 to prepare for the exam and Andrew Packard billed .09 to review Mr. Farley and Mr. Kernen's tax returns as set forth on ECF doc 121 p 15, lines 179 and 197. After CATs was notified on December 20, 2024 regarding non-compliance with the Court Order (ECF Doc. #42), attorney Carlon responded he would get back to Kernen later on and attorney Verick responded neither he nor Acree nor Williams knew where the sensitive financial data was located

or what had happened to it. See Declaration of Jackson and Exhibits.

To date, Kernen has received no certification from any of these three attorneys that handled either the review of the financial documents for the penalty phase or the personal tax returns for the judgment creditor exams as to where the documents were stored nor that they have been destroyed nor the manner and date of destruction.[2] See Declaration of Jackson and supporting Exhibits. CATs' attorneys' refusal to comply with the Court's Order and inability to account for, return or certify the date and manner of destruction of highly sensitive business and personal financial data is both troubling and concerning. It has resulted in the Defendants seeking the help of this Court to enforce the Protective Order, ECF #42.

As the Designating and Producing Party under the Stipulated Protective Order, Kernen seeks an order from this Court requiring the Receiving Party to: 1) produce the signed acknowledgment and receipt from attorneys David Williams and Brian Acree regarding the Protective Order signed by this Court on October 26, 2020, or show cause why that has not been done; 2) order attorneys Williams and Acree to disclose to the Court and the Producing Party in what manner attorney Packard or Carlon transmitted Producing Party's highly sensitive and protected financial data to them; 3) return the data to the Producing Party; or 4) have all attorneys of record in this manner, Packard, Carlson, Verrick, Williams, and Acree each certify to the court how each of the categories of protected information were destroyed and on what date were each category destroyed. Because Producing Party attempted to avoid having to brief this matter by allowing Receiving Party to correct the problem, Producing Party seeks an order by this Court awarding sanctions in the amount of the attorney fees expended by Producing Party to enforce the Stipulated Protective Order, including but not limited to the time to meet and confer on the matter and to brief the matter.

//

---

[2] After 3 months, on March 4, 2025, Attorney Carlon finally sent a meet and confer letter dated March 4, 2025 asserting in a footnote that the financial information had been destroyed, but he is not one of the three attorneys that handled this information, and there is no certification as to the date and manner of destruction from neither Packard, nor Williams, nor Acree, of the 2,745 pages of electronic information for the penalty phase, nor from Williams and Packard for the tax returns for the judgment creditor exams.

1 | Dated: March 10, 2025 | Respectfully Submitted,

HARLAND LAW FIRM LLP

 /s/ *Allison G. Jackson*
Allison G. Jackson
Attorney for Defendants KERNEN CONSTRCUTION CO.; BEDROCK INVESTMENTS LLC; SCOTT FARLEY; and KURT KERNEN