Allison G. Jackson, State Bar No. 157078
John S, Lopez, State Bar No. 149291
HARLAND LAW FIRM LLP
622 H Street
Eureka, California 95501
(707) 444-9281 telephone
(707) 445-2961 facsimile

Attorneys for Defendants
KERNAN CONSTRUCTION CO.,
BEDROCK INVESTMENTS LLC,
SCOTT FARLEY and KURT KERNEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, | Case No. 4:20-cv-01348-YGR |
|---|---|
| Plaintiff, | DECLARATION OF ALLISON G. JACKSON IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF |
| v. | |
| KERNEN CONSTRCUTION CO.; BEDROCK INVESTMENTS LLC; SCOTT FARLEY; and KURT KERNEN, | |
| Defendants. | |
| _____/ | |

I, ALLISON G. JACKSON, declare as follows:

1.  I am the attorney of record for Defendants in the above-entitled action. I was also the attorney of record for Defendants in Case No. 4:16-CV-04007-YGR; and currently the attorney of record for Defendants in 4:24-cv-04067-YGR.

2.  On October 22, 2020, the parties entered into a stipulated protective order prepared by CATs' attorneys Packard and Carlon and which the Honorable Yvonne Gonzalez Rogers signed on October 26, 2020. See Exhibit 1, Stipulated Protective Order, ECF Doc 42.

3.  The Protective Order provided that only Packard and Carlon were attorneys of record. ¶ 2.9 at 3:3-5 (Definitions)

DECLARATION OF ALLISON G. JACKSON     1     Case No. 4:20-cv-01348-YGR

2.9 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

4. The Protective Order further provides: ¶ 7.2 at 8:5-11

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A..."

5. Paragraph 13 of that stipulated protective order provided that within 60 days of the final disposition of this action, all Protected Material must be returned to the Producing Party, or destroyed. The stipulation and Order further provides that, by the 60-day deadline, the Receiving Party must submit a written certification to the Producing Party that identifies by category all of the Protected Material which was returned or destroyed and that it has not retained any copies, etc.

6. DECLARATION OF ANDREW L. PACKARD IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS ECF #67-1 provides: ¶ 1 at 1:21-23
1. My firm, together with the Klamath Environmental Law Center, and two sole practitioners, David Williams and Brian Acree, have served as counsel for Plaintiff California Alternatives to Toxics in the above-captioned action. See Exhibit 2, Declaration of Andrew L. Packard, ECF #67-1.

7. As counsel for Kernen, et al., I transmitted the financial data to CATs' attorneys Packard and Carlon. I did so by flashdrive and by overnight mail requiring a signature, because I informed them that I did not want this sensitive financial data on the internet, nor in a drop box so that I could be assured who had the sensitive information and so I could track compliance with the stipulation and order.

8. I have never received a separate acknowledgment and receipt that either Williams or Acree signed.

9. Using the dates in a manner that benefits CATS the most, the Order Adopting Amended Report and Recommendation; Granting in Part Motion for Attorneys' Fees and Costs (ECF Doc. #163) was issued June 13, 2023, and the appeal clock ran to July 13, 2023, so CATS was to return KERNEN's financial documents or provide certification of their destruction no later than September 11, 2023.

10. In early 2024, I received word from CATs that they were asserting new violations against Defendants based upon a Notice of Violation from the State Water Board. That Notice of Violation has now been rescinded by the Board after investigation of the claims.

11. On December 20, 2024, in a meet and confer letter regarding CATs' demands for new financial data, as part of this meet and confer I raised the issue of CATs' failure to comply with the previous protective Order. See Exhibit 3, Letter dated December 20, 2024, page 2.

12. I received a response from attorney Carlon on December 20, 2024, that he would be leaving soon for the holidays and would be back on December 30th, and that he would respond then. See Exhibit 4, Email dated December 20, 2024.

13. On Sunday December 22, 2024, due to the failure to acknowledge that this sensitive financial data was in safekeeping, I emailed all of these attorneys that they were not in compliance, I wanted to know who had copies of the this sensitive data, how many people it was disclosed to. I received an email from attorney Carlon to contact his co-counsel Mr. Verick. See Exhibit 5, Email dated December 22, 2024.

14. On December 23, 2024, I received and email from current co-counsel Verick which stated neither Verick, Williams, or Acree knew of the whereabouts of this protected data. See Exhibit 6, Email dated December 23, 2024.

15. It was not until March 4, 2025, that I received a response from attorney Carlon. CATs' response to the violation of the protective order, was set forth in footnote 2, page 2, that "Packard has confirmed that, *after a diligent search*, the financial documents were deleted at the end of the last case...." See Exhibit 7, Letter dated March 4, 2025.

16. I have submitted a Proposed Order with my administrative motion to the Court. I have not obtained a stipulation regarding the Proposed Order as opposing counsel does not see any violation of the Protective Order.

I declare under penalty of perjury pursuant to the laws of the State of California and the United States that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this declaration was executed on March 10, 2025, at Eureka, California.

*/s/ Allison G. Jackson*
Allison G. Jackson