# EXHIBIT 3 FOLLOWS THIS PAGE

DECLARATION OF ALLISON G. JACKSON IN SUPPORT OF ADMINISTRATIVE
MOTION

RICHARD A. SMITH
ALLISON G. JACKSON
JOHN S. LOPEZ
AMY M. STOVER
HEATHER L. BURKE
TAMARA C. FALOR
MARIA M. HUITRON

Gerald R. Harland
(Partner 1952 - 2012)

# Harland Law Firm LLP

ATTORNEYS AT LAW

212 G STREET, SUITE 201
EUREKA, CALIFORNIA 95501
(707) 444-9281
FACSIMILE: (707) 445-2961

Allison G. Jackson
ajackson@harlandlaw.com

FORTUNA

954 MAIN STREET
FORTUNA, CA 95540
(707) 725-4426
FACSIMILE: (707) 725-5738

December 20, 2024

**Sent Via Email Only:**
William N. Carlon
william@carlonlaw.com

      Re:    Further Meet and Confer Document Production and Drone Inspections

Dear William:

During our December 6th meet and confer, we resolved most issues other than the disclosure of financial data and pre-filing contacts with the Department of Justice. With the exceptions discussed on the phone limiting the years and precisely what you wanted, requests 1 through 13 seem to be resolved, and I have communicated that to the client so we can supplement.

After an hour of discussion, I told you that I had to cease the discussion. I told you I was leaving the office immediately as I had been undergoing radiation therapy and was experiencing some rather unpleasant side effects on a daily basis beginning in October. I had told you earlier (August) that I was having surgery in September and would be undergoing radiation therapy and likely chemotherapy afterwards. I will not expound further on this. Even though you were fully aware I was not going to be further available that day and was on a limited daily work schedule, you belted out a letter and wanted an immediate response and further discussions that Monday or Tuesday without even waiting for me to look into your points/cases and respond. I am now responding when I am able to and after reviewing your authorities and my own.

Requests for Production of Documents:

Your points are valid, and we will comply with a limited production of financial data from May 2, 2023, on. But I cannot comply with your demands for documents in requests 14 through 20 (see the discussion below). We will not comply with requests 21 through 23 as this has nothing to do with penalty or claims/defenses in the present

## Harland Law Firm LLP

William N. Carlon
December 20, 2024
Page 2

matter, is confidential, implicates my clients' rights to privacy, and you have been denied this before.

First, let me point out that in the last matter CATs was subject to a protective order with respect to my clients' financial documents which was duly ordered by Judge Rogers on October 26, 2020[1]. You violated section 13 of that order and continue to be in violation today. You have been violating the order of the court with respect to this financial data for 2 years and have done nothing to rectify this. Using the dates in a manner that benefits you the most, the order for fees was issued March 21, 2022, the appeal clock ran April 20, 2022, so you were to return my clients' documents or provide certification of their destruction no later than June 20, 2022.

Additionally, you are under an affirmative duty pursuant to Section 7.1 of that agreement. That section states that Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. You haven't returned any of the financial data at all. You haven't destroyed and certified. Exactly where are these 2745 pages of highly personal financial data and business data. Are they in a boxes in your house, closet, or garage or floating around on flash drives copied and handled by all the attorneys in the last suit? This must be addressed either by you now or by the court when we likely involve the court due to the lack of resolution.

You are correct that you are entitled to information regarding penalty before liability. You are incorrect as to the scope that you have requested.

While discovery is broadly construed, disclosure of financial data is generally narrowly construed. When Courts determine disclosure of financial information is

---

[1] Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

## Harland Law Firm LLP

William N. Carlon
December 20, 2024
Page 3

justified, such disclosure should be narrow and subject to adequate protections. Defendants assert that all of this financial information is protected by the right to privacy under California law and these privacy rights are generally recognized in federal court. *Johnson v.Thompson*, 971 F. 2d 1487, 1497 (10th Cir. 1992). However, Kernen clearly recognizes that the right is not absolute and may be subject to invasion depending on the circumstances. *Oakes v. Halvorsen Marine Ltd.*, 279 F.R.D. 281,284 (C.D. Cal., 1998). Thus, the right to privacy is not a recognized privilege or absolute bar to discovery, but instead is subject to the balancing of needs. *F. Jadwin, D.O. County of Kern*, 2008 WL 2916386 at *1 (E.D. Cal., July 28, 2008). In this case, our privacy concerns could potentially be addressed with a protective order. Unfortunately, as pointed out above, you have been in continuing violation of an earlier Protective Order. This makes immediate disclosure impossible.

Your request for production of documents as you have drafted seeks to obtain financial records from May 2, 2023, which dates we will comply with. However, the types of documents demanded are excessive as you can obtain a picture of Defendants' financial condition adequately without all of the requested information. As such, Defendant we will only produce balance sheets, statements of income, and statements of cash flow from May 2, 2023, for the business records. As for personal financial information of the individual defendants, we will produce a list of real estate and tax returns, when and if we resolve your continuing violations with respect to the earlier disclosed data, and you provide information as to how these records will be stored.

<u>Site Inspections and Drones:</u>

You initially wanted three site inspections. I agreed to two site visits. You conducted a site inspection by drone of the facility on Friday November 22, 2024. My client's employees complained that there was a drone flying over them as they worked outside in the yard and in their vehicles and machinery. You conducted a walk through inspection on November 25, 2024, and took any samples that you wanted. After these two inspections, I objected to the drone flyover due to employees' complaints for safety, and you demanded legal authority regarding ceasing flying over them in the open yard and vehicles. Then you conducted a third site inspection via drone last weekend. While there were a reduced number of people on site, you were still conducting inspections over people and vehicles. Then I advised you that your drone inspections could not be maneuvered over people outside, nor over vehicles being operated or parked, and you demanded more legal authority, even though as commercial operators you should know

Harland Law Firm LLP

William N. Carlon
December 20, 2024
Page 4

those references in the CFR. You obviously reviewed the CFR sections and realized the problem. Mr. Verick then sent a letter denying that you conducted inspections over vehicles operating on the highway, or vehicles operating or parked onsite, or employees working outdoors. This letter does not trump what the employees were complaining about. This is a safety issue. However, with the last drone inspection, you have now completed three inspections. Please advise if you will cease further inspections or if we will have to involve the court. You wanted three inspections, and you now have had three inspections. With your agreement, I will not have to apply to the Court for direction and the concerns for safety will have been remedied.

I have to be at the hospital today at 2 p.m. and will be unavailable until next week. Please respond first to the continuing violation of the October 26, 2020, Protective Order, then the cessation of drone inspections, then we can resolve items 14 through 20 in your Requests for Production of Documents.

Thank you for your cooperation,

Allison G. Jackson

cc: Client