# **EXHIBIT 7 FOLLOWS THIS PAGE**

Law Office of William Carlon<br>
437 Post Street, Napa, CA 94559<br>
william@carlonlaw.com<br>
(530) 514-4115

March 4, 2025

<u>Via Email</u>
Allison Jackson
Harland Law Firm LLP
ajackson@harlandlaw.com
pheagerty@harlandlaw.com

Re:     **Californians for Alternatives to Toxics v. Kernen Construction Co, et al; 4:24-cv-04067-YGR; Meet and Confer Regarding Defendants' Inadequate Responses to Plaintiff's Requests for Production of Documents, Set One**

Dear Ms. Jackson:

I am writing to further meet and confer regarding Defendants' inadequate responses to Plaintiff's Requests for Production of Documents, Set One. We met via videoconference on December 6, 2024 to discuss the issues that I raised in my December 3, 2024 letter, and Defendants agreed to amend their responses as set forth in my letter of December 6, 2024. To date, we have received no amended responses.

**Requests 21 through 23:**

On December 20, 2024, you responded to my December 6th letter, indicating that Defendants would not be producing documents responsive to Requests 21 through 23. These requests seek documents related to Defendants' agreement with the Department of Justice related to the payment of the civil penalty levied against Defendants in the prior action. These documents are relevant to this action because they are likely to provide information about Defendants' ability to pay another civil penalty.[1] As you've already agreed, financial documents are relevant to this penalty factor, and as a financial document affecting Defendants' finances in this case, the Department of Justic payment plan, and communications related thereto, are relevant documents subject to discovery.

While you are correct that Plaintiff has been denied this information in the past, the context under which the documents were requested is important and different. When Plaintiff sought the payment plan before, there was no pending case and no right to discovery. Now, Plaintiff has an active case against Defendants, and is entitled to discovery under the Federal Rules of Civil Procedure. *See* FRCP 26(b). Given Defendants' repeated refusal – in this litigation – to provide the documents sought in Requests 21 through 23, Plaintiff has no option but to seek an order compelling Defendants to produce them, and for sanctions to address Defendants' unreasonable position. Plaintiff urges Defendants to reconsider their unreasonable position and to produce all responsive documents to Requests 21 through 23.

---

[1] Please see my December 6th letter, at page 2, which sets forth the legal authority for seeking financial information in a citizen suit Clean Water Act case.

Allison Jackson
3/4/2025
Page 2

**Protective Order:**

Your December 20, 2024 letter also raised, for the first time, the issue of Plaintiff's compliance with the protective order entered on October 26, 2020 in the previous litigation. We responded immediately, informing you that we had complied with the terms of the protective order,[2] and that your clients' financial information had not been shared with anybody except those authorized by the order. Given that this is the first time Defendants have raised this concern, and that you have no basis for your allegations that Defendants' financial information was handled in any other way except as authorized by the Protective Order, it appears that this issue was raised merely to delay production of documents that you now concede are discoverable. This abuse of the discovery process is sanctionable behavior.

Plaintiff is willing to enter into a protective order once again, and a draft order is attached to this letter for your review and signature.

**Limited Financial Documents**

Defendants suggest that the Requests for financial information are "excessive," but fail to provide any authority or substantiation for that claim. Based on that claim, Defendants state that they will only provide certain financial documents. This is not a valid basis to limit Plaintiff's discovery, and Defendants cannot pick and choose which financial information to provide Plaintiff when Plaintiff has specifically asked for certain types of documents. Again, this is an abuse of the discovery process and is sanctionable behavior. Defendants must produce the documents requested, or Plaintiff will be forced to seek an order from the Court.

**Conclusion**

Please respond to this letter by no later than close of business March 11, 2025 indicating that Defendants will provide all responsive documents as set forth above and in my letter of December 6th, and a date certain within 30 days of this letter by which the documents will be produced. Otherwise, we will proceed with the discovery dispute resolution process set forth in the local rules and the judge's standing order.

Sincerely,

William N. Carlon

---

[2] Mr. Packard has confirmed that, after a diligent search, the financial documents at issue were deleted at the end of the last case, a few years ago.