WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
P.O. Box 1128
Arcata, CA 95518
(707) 630-5061
wverick@igc.org

DAVID WILLIAMS (State Bar No. 144479)
Law Offices of David Williams
1839 Ygnacio Valley Road, Suite 351
Walnut Creek, CA 94598
(510) 847-2356
dhwill7@gmail.com

BRIAN ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
(510) 517-5196
brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIANS FOR ALTERNATIVES TO TOXICS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>KERNEN CONSTRUCTION CO., BEDROCK INVESTMENTS LLC, SCOTT FARLEY, AND KURT KERNEN,<br><br>　　　　　Defendants. | Case No. 4:20-cv-01348-YGR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF**<br><br>**Related Cases:**<br>4:16-cv-04007-YGR;<br>4:24-cv-04067-YGR. |

//

## I. INTRODUCTION

Defendants, faced with the prospect of producing financial documents in response to Plaintiff's valid requests for production of documents, filed the instant motion, further delaying their production. Defendants, perhaps in an attempt to distract from their own non-compliance with the rules of discovery and to avoid producing documents they know they are required to produce, have now burdened the Court with an improperly-filed motion seeking substantive relief, styled as an administrative motion. The motion should be denied as procedurally improper, and because it fails on the merits.

## II. STATEMENT OF FACTS

On October 24, 2024, Plaintiff propounded its first set of written discovery against Defendants in Case No. 4:24-cv-04067. Declaration of William Carlon ("Carlon Decl."), ¶ 4. Among other things, Plaintiff made certain requests for documents pertaining to Defendants' financial status. *Id.* On November 20, 2024, Defendants responded to the requests for production of documents, objecting to Plaintiff's requests and refusing to produce any of the financial documents sought by Plaintiff. *Id*. at ¶ 5.

On December 3, 2024, Plaintiff began the meet and confer process by sending Defendants a letter explaining that Defendants' objections were meritless, and requesting to further meet and confer via videoconference to discuss the discovery dispute. *Id.* at ¶ 6. On December 6, 2024, counsel for both parties met and conferred, and in the course of that discussion, counsel for Defendants asked for the legal authority to support Plaintiff's requests for financial information. *Id.* at ¶ 7. That same day, Plaintiff responded by letter, providing the relevant legal authority and reiterating Plaintiff's request that Defendants comply with the requests for production of documents. *Id.*

Defendants responded on December 16, 2024, raising a completely separate issue regarding Plaintiff's use of drones to investigate Defendants' Clean Water Act violations, but confirmed that Defendants were working on locating all responsive documents. *Id.* at ¶ 8. Then on December 20, 2024, Defendants sent another letter that acknowledged the validity of Plaintiff's requests for financial information, but raising, for the first time, the issue of Plaintiff's compliance with the

1 protective order entered into Case No. 4:20-cv-01348-YGR. *Id.* at ¶ 9. The same day, on December 20th, William Carlon, counsel for Plaintiff, informed Defendants that he was leaving for the holidays and would not be able to respond to the substance of Defendants' letter until after December 30th. *Id.* at ¶ 10. On December 22, 2024, counsel for Defendants replied via email, asking who has copies of the data. ECF No. 170-7 at 2. On December 23, 2024, Mr. Verick, also counsel for Plaintiff, responded to Defendants informing them that none of the lawyers currently working on the case had any of the documents in question, and that they were checking with the remaining lawyer, Mr. Packard, who had worked on the prior case. ECF No. 170-7 at 2.

On March 4, 2025, Plaintiff sent a letter to Defendants, following up on the outstanding responses to Plaintiff's first set of requests for production, and therein informed Defendants that Mr. Packard had destroyed the documents at the end of Case No. 4:20-cv-01348-YGR. *Id.* at ¶ 11. Rather than respond to that letter, Defendants filed their Request for Administrative Relief, even though Plaintiff had informed Defendants that the protective order had been complied with, and the documents in question had been destroyed. *Id.* at ¶ 12. Had Defendants met and conferred with Plaintiff before filing the instant motion, they would have learned that only Mr. Packard possessed the documents, and that attorneys Carlon, Verick, Acree, and Williams had accessed the documents via Mr. Packard's online server. They were viewed online, and then at the end of the case, when Mr. Packard deleted the documents from his server, the other lawyers in the case no longer had access to the files because they were destroyed. Declaration of Andrew Packard at ¶¶ 4-7; Carlon Decl. at ¶¶ 13-15; Declaration of William Verick at ¶¶ 5-7; Declaration of David Williams at ¶¶ 5-7; Declaration of Brian Acree at ¶¶ 5-7.

Despite asking this Court for an order to enforce the protective order, and for monetary sanctions in the form of attorneys' fees and costs, Defendants filed their request as an Administrative Motion pursuant to Civil Local Rule 7-11. Beyond the December 20, 2024 letter, and a brief email on December 22, 2024, Defendants did not meet and confer with Plaintiff about the substance of their motion. Defendants did not notice their motion pursuant to Civil Local Rule 7-2(a).

//

//

### III. ARGUMENT

#### A. Defendants' Request for Administrative Relief Is Procedurally Improper and Should Be Denied on that Basis.

Defendants' Request is procedurally improper. In this District, motions for administrative relief are allowed only for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge." Civil Local Rule 7-11. A motion to enforce a protective order is authorized pursuant to Federal Rule of Civil Procedure 37(b)(2), which provides federal courts with the authority to apply sanctions for the failure to comply with discovery orders. *See* Advisory Committee Note, 1970 Amendment, subdivision (b) ("Rule 37(b)(2) should provide comprehensively for enforcement of all [discovery] orders," including Rule 26(c) protective orders). The relief sought by Defendants is governed by a Federal Rule, and it is therefore "not the proper subject of an administrative motion under Local Rule 7-11." *See Brown v. Google LLC*, 2022 U.S. Dist. LEXIS 174326, *7 (N.D. Cal. Sept. 26, 2022).

Moreover, Defendants' Request for Administrative Relief "violates the requirements in Local Rules 7-8 and 37-4 that motions for sanctions comply with Local Rule 7-2, which in turn requires a noticed motion and a standard briefing schedule and page limits." *Id.* Defendants failed to properly notice their Request by filing it as an administrative motion under Civil Local Rule 7-11. This allows Plaintiff only five pages and four days to respond to the substantive motion filed by Defendants. Thus, Defendants' pleading violates the Local Rules and should be denied.

#### B. Defendants' Request for Administrative Relief Should Be Denied on Its Merits Because Plaintiff Complied with the Protective Order

Defendants' Request also fails on its merits. Plaintiff complied with the terms of the Protective Order, destroying the documents in question once the litigation had ended.

Defendants incorrectly state that "the two attorney's [sic] representing CAT's [sic] in analyzing the financial data stated they had no idea where the financial data was and that maybe former CATs attorney Andrew Packard had it." (ECF No. 170 at 2:13-15.)[1] What Plaintiff's attorney actually said was that "of the lawyers who are working on this case, a quick canvass finds none of us

---

[1] Defendants repeat this falsehood at page 2:27-3:1.

1  have any of those financial documents. We are checking with Andrew Packard to see if he has any of
2  them." (ECF No. 170-7 at 2.) That is, none of the lawyers working on the present action, Verick,
3  Williams, Acree, and Carlon, have any of the financial documents in their possession. *See* Verick
4  Decl. at ¶¶ 6-7; Williams Decl. at ¶¶ 6-7; Acree Decl. at ¶¶ 6-7; Carlon Decl. at ¶¶ 14-15. That is not
5  the same thing as having "no idea where the financial data was." In fact, Mr. Packard was the
6  custodian of the previous case file, and stored and maintained the data in a location and in a secure
7  manner that ensured that access was limited to the persons authorized by the protective order.
8  Packard Decl. at ¶¶ 4-5. So when Mr. Packard destroyed the documents at the end of the last case,
9  *none of the lawyers currently working on the case could possibly access the documents*. When
10 informed by Plaintiff's counsel that the documents had in fact been destroyed, rather than ask
11 Plaintiff for a certification to that effect, Defendants filed the instant Request.

12  Because Defendants failed to cite a single legal authority in their Request, it is not clear
13 under what theory of recovery they seek attorneys' fees. If the legal authority for Defendants' fees
14 request is Federal Rule of Civil Procedure 37, the request should be denied because Defendants
15 failed to attempt in good faith to obtain the remedy that they seek without court action. Fed. R. Civ.
16 P. 37(a)(5)(A)(i). Defendants, after receiving confirmation that the documents had been destroyed,
17 ran to the Court because they were not satisfied with the manner in which Plaintiff made these
18 representations. Had Defendants asked, Plaintiff would have made the confirmation in a more formal
19 way, instead of in the context of the meet and confers in which the issue was raised.

20  In any case, Plaintiff should be afforded the opportunity to respond in the usual way, with a
21 standard briefing schedule and standard motion page limits.

22 //
23 //
24 //
25 //
26 //
27 //
28 //

IV.  **CONCLUSION**

Defendants' motion is procedurally improper and can be denied on that basis alone. In addition, Defendants' motion fails on its merits because Plaintiff complied with the protective order and destroyed the documents in question.

Dated: March 14, 2024  Respectfully Submitted,

LAW OFFICE OF WILLIAM CARLON

By:  /s/ William N. Carlon

William N. Carlon
Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS