WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
P.O. Box 1128
Arcata, CA 95518
(707) 630-5061
wverick@igc.org

DAVID WILLIAMS (State Bar No. 144479)
Law Offices of David Williams
1839 Ygnacio Valley Road, Suite 351
Walnut Creek, CA 94598
(510) 847-2356
dhwill7@gmail.com

BRIAN ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
(510) 517-5196
brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
(530) 514-4115
william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIANS FOR ALTERNATIVES TO TOXICS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>          Plaintiff,<br><br>     v.<br><br>KERNEN CONSTRUCTION CO., et al,<br><br>          Defendants. | Case No: 4:20-CV-01348-YGR<br><br>**DECLARATION OF WILLIAM CARLON** |

I, William Carlon, declare:

1. I have personal knowledge of the facts set forth below, and if called as a witness, could and would testify to those facts under oath.

2. I am one of the attorneys representing Plaintiff Californians for Alternatives to Toxics in the litigation styled *Californians for Alternatives to Toxics v. Kernen Construction Co., Bedrock Investments, LLC, Kurt Kernen, and Scott Farley*, 4:24-cv-04067-YGR.

3. I also represented Plaintiff in the previous related cases involving the same parties, case numbers 4:20-cv-01348-YGR and 4:16-cv-04007-YGR.

4. On October 24, 2024, Plaintiff propounded the first set of written discovery against Defendants in the current litigation. Among other thing, Plaintiff sought documents pertaining to Defendants' financial status.

5. On November 20, 2024, Defendants responded to the requests for production of documents, objecting to Plaintiff's requests and refusing to produce any of the financial documents sought by Plaintiff.

6. On December 3, 2024, Plaintiff began the meet and confer process by sending Defendants a letter explaining that Defendants' objections were meritless, and requesting to further meet and confer via videoconference to discuss the discovery dispute.

7. On December 6, 2024, counsel for both parties met and conferred, and in the course of that discussion, counsel for Defendants asked for the legal authority to support Plaintiff's requests for financial information. That same day, Plaintiff responded by letter, providing the relevant legal authority and reiterating Plaintiff's request that Defendants comply with the requests for production of documents.

8. Defendants responded on December 16, 2024, raising a completely separate issue regarding Plaintiff's use of drones to investigate Defendants' Clean Water Act violations, but confirmed that Defendants were working on locating all responsive documents.

9. Then on December 20, 2024, Defendants sent another letter that acknowledged the validity of Plaintiff's requests for financial information, but raising, for the first time, the

issue of Plaintiff's compliance with the protective order entered into Case No. 4:20-cv-01348-YGR.

10. The same day, on December 20th, I informed Defendants that I was leaving for the holidays and would not be able to respond to the substance of Defendants' letter until after December 30th.

11. On March 4, 2025, Plaintiff sent a letter to Defendants, following up on the outstanding responses to Plaintiff's first set of requests for production, and therein informed Defendants that Mr. Packard had destroyed the documents at the end of Case No. 4:20-cv-01348-YGR.

12. Rather than respond to that letter, Defendants filed their Request for Administrative Relief, even though Plaintiff had informed Defendants that the protective order had been complied with, and the documents in question had been destroyed.

13. In Case No. 4:20-cv-01348-YGR, the parties stipulated to a protective order that was entered by the Court. At that time, I was working for the Law Offices of Andrew Packard, whose firm was managing the files for the case. The Law Offices of Andrew Packard received financial documents marked "Confidential" and stored them on the firm's server. From that server, the documents were made available to co-counsel for use in the litigation.

14. When Defendants inquired about the status of the financial documents, I attempted to access the online server to confirm that the files were destroyed, but I no longer have access to the server, or the files stored on that server.

15. I checked my firm's files, and confirmed that I do not have any of the financial documents in my possession.

I swear under penalty of perjury under the laws of both California and the United States that the foregoing is true and correct and that this declaration was executed on March 12, 2024 at Napa, California.

_____
William N. Carlon